36 F.3d 1104
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Matthew Scott WILSON, Defendant-Appellant.
 No. 94-30047.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 14, 1994.*
Decided Sept. 19, 1994.
 
 1
 Appeal from the United States District Court, for the District of Oregon, D.C. No. CR-93-101-01-MFM; Malcolm F. Marsh, District Judge, Presiding.
 
 
 2
 D.Or.
 
 
 3
 AFFIRMED.
 
 
 4
 MEMORANDUM**
 
 
 5
 Felon Matthew Wilson conditionally pleaded guilty to possessing a firearm in violation of 18 U.S.C. Sec. 922(g). He appeals the denial of his motion to suppress. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.[1]
 
 
 6
 The police had a warrant to arrest a car thief. An informant reported that the thief was working on a 1966 black Ford on a public street behind an apartment building. Officers Lefler and Gorgone, who had never seen the car thief, reported to the scene. They knew the thief was a "runner" who had eluded arrest in the same area a few days before, and that he was a six foot slim white male weighing 150 pounds.
 
 
 7
 The officers did not find the thief. Instead, they found Wilson working underneath a "mid-60's" blue Ford in the location described by the informant. They asked to speak with him. He was a five foot eleven inch white male weighing 175 pounds. He had no papers for the car on which he was working. When asked he provided photo identification with his correct name and physical description. But the officers still believed he was the car thief.
 
 
 8
 During their short discussion Lefler asked Wilson to drop a screw driver he was holding, and also removed a pair of pliers from Wilson's coat pocket. Wilson acted nervous during questioning and made repeated hand movements toward his pockets, even after Lefler asked him to stop. Fearing for his safety Lefler restrained Wilson by grabbing his left arm and spinning him around to face the car. Gorgone took Wilson's right arm and patted-down his right side. There he found a gun. The officers handcuffed Wilson and placed him in the their patrol car. Not until a third officer arrived who knew the car thief, did they learn that they had the wrong man.
 
 
 9
 As the district court found, the officers had reasonable suspicion to perform an investigatory stop because they legitimately believed Wilson was a car thief subject to an arrest warrant. Terry v. Ohio, 392 U.S. 1, 22-23 (1968) (officer may initiate brief investigatory detention based on reasonable suspicion that detainee has committed a crime). And on the basis of a reasonable fear for their safety, they were entitled to perform a pat-down search to assure that he was unarmed. United States v. Alvarez, 899 F.2d 833, 839 (9th Cir.1990), cert. denied, 498 U.S. 1024 (1991); United States v. Thomas, 863 F.2d 622, 628 (9th Cir.1988) (frisk justified when reasonably prudent person would believe that his safety was in danger).
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4. Wilson's request to reinstate argument is accordingly denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We review de novo the denial of his motion to suppress, United States v. Khan, 993 F.2d 1368, 1375 (9th Cir.1993), and for clear error the district court's factual findings. United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir.1992)